THE PUSEY LAW GROUP PLLC
7 High Street – Suite 300
Huntington, New York 17743
Tel.: 631-424-6624
Fax.: 631-424-6622
Email: nlp@puseylaw.com

*Attorneys for Plaintiffs Footing First LLC,*
  *Lawton Adams and Karen Leeming*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOOTING FIRST LLC, LAWTON ADAMS and KAREN LEEMING,<br><br>                    Plaintiffs,<br><br>     -against-<br><br>NORTH BROOK FARMS LLC, IGK EQUESTRIAN LLC, PETER KYLE, CAROLYN KYLE and JOHN DOE 1-10,<br><br>                    Defendants. | 17   CIV   7152<br><br>**VERIFIED COMPLAINT AND JURY DEMAND** |

Plaintiffs FOOTING FIRST LLC ("FootingFirst"), LAWTON ADAMS ("Mr. Adams") and KAREN LEEMING ("Ms. Leeming")(hereafter, FootingFirst, Mr. Adams and Ms. Leeming shall be referred to collectively as "Plaintiffs") by and through their undersigned attorneys, THE PUSEY LAW GROUP PLLC, as and for their Verified Complaint against the Defendants NORTH BROOK FARMS LLC, IGK EQUESTRIAN LLC, PETER KYLE, CAROLYN KYLE and JOHN DOES 1-10 (collectively "Defendants") in this action, allege as follows:

## INTRODUCTION & NATURE OF THE ACTION

1.      This is an action (the or this "action") to recover damages for the willful and continued patent infringement, copyright infringement and trademark infringement, unfair competition and false designation of origin, dilution of trademark, injury to business reputation,

-1-

unfair and deceptive trade practices causing harm to consumers, declaratory relief, and temporary, preliminary, and permanent injunctive relief.

2.      Plaintiffs file this action to recover damages caused by Defendants' continued, systematic, unauthorized infringement of Plaintiffs' trademarks, copyrights and patents – including the following marks and patents: TraveLite and TravelRight; and the patent for the composition formula for these materials.

3.      TraveLite and TravelRight are both forms of horse footing materials.

4.      Plaintiffs and Defendants are both in the business of providing services specific to the equestrian industry – including, among other things and without limitation, creating, developing, selling, installing, maintaining and removal of horse footing (i.e. the composite material utilized in equestrian riding facilities to reduce the negative effects on the horse from the repeated contact with the ground).

5.      The wholly improper and prohibited conduct and activity undertaken by Defendants have, are and will continue to infringe, tarnish and dilute Plaintiffs' trademark and patent rights as well as their copyrights.

6.      Accordingly, Plaintiffs have filed this action seeking all available remedies afforded under Federal law – including the Lanham Act and Copyright Act – and New York State law.  Plaintiffs also seek injunctive relief, damages, attorneys' fees and costs.

## PARTIES

7.      FootingFirst is and was at all times relevant to this Complaint a limited liability company legally formed under the laws of the State of New York and duly authorized to conduct business within New York.

8.     Mr. Adams is and was at all times relevant to this Complaint an individual domiciled within the State of New York residing at 21 Route 116 in Purdy Station, New York 10578.

9.     Ms. Leeming is and was at all times relevant to this Complaint an individual domiciled within the State of New York residing at 63 Potter Lane in Halesite, New York 11743.

10.     Defendant NORTH BROOK FARMS LLC ("North Brook") is and was at all times relevant to this Complaint a limited liability company legally formed under the laws of the State of New York and duly authorized to conduct business within New York.

11.     Defendant IGK EQUESTRIAN LLC ("IGK") is and was at all times relevant to this Complaint a limited liability company legally formed under the laws of the State of New York and duly authorized to conduct business within New York.

12.     Defendant PETER KYLE ("Mr. Kyle") is and was at all times relevant to this Complaint an individual domiciled the State of New York residing at 2463 Hamilton Road in Weedsport, New York 13166.

13.     Defendant CAROLYN KYLE ("Ms. Kyle") is and was at all times relevant to this Complaint an individual domiciled the State of New York residing at 2463 Hamilton Road in Weedsport, New York 13166.

14.     Upon information and belief Mr. Kyle and Ms. Kyle are the owners of North Brook.

15.     Upon information and belief Mr. Kyle and Ms. Kyle are the members of North Brook.

16.     Upon information and belief Mr. Kyle is the sole owner of North Brook.

17.     Upon information and belief Mr. Kyle is the sole member of North Brook.

18.     Upon information and belief Ms. Kyle is the sole owner of North Brook.

19.     Upon information and belief Ms. Kyle is the sole member of North Brook.

20.     Upon information and belief Mr. Kyle and Ms. Kyle are the owners of IGK.

21.     Upon information and belief Mr. Kyle and Ms. Kyle are the members of IGK.

22.     Upon information and belief Mr. Kyle is the sole owner of IGK.

23.     Upon information and belief Mr. Kyle is the sole member of IGK.

24.     Upon information and belief Ms. Kyle is the sole owner of IGK.

25.     Upon information and belief Ms. Kyle is the sole member of IGK.

26.     Upon information and belief, Defendants JOHN DOE 1-10, inclusive, are other parties not yet identified who have infringed on Plaintiffs' trademarks, patent and copyrights or have engaged in one or more of the wrongful practices alleged herein.  The true names, whether corporate, individual or otherwise of Defendants JOHN DOE 1-10, inclusive, are presently unknown to Plaintiffs, which therefore bring this action against such Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

## JURISDICTION and VENUE

27.     This is an action for, *inter alia*, federal claims surrounding Defendants' infringement of trademark, patent, copyright, false designation of origin and unfair competition in relation to each.

28.     This Court has subject matter jurisdiction over this action pursuant to the patent, trademark and copyright laws of the United States pursuant to multiple federal statutes including but not limited to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121. The trademark claims are brought pursuant to 15 U.S.C. §§ 1051 *et seq*. The Patent claims are brought pursuant to 35 U.S.C. § 1, *et seq*., 35 U.S.C.S. § 256 and 35 U.S.C.S. § 271. The copyright claims are brought pursuant to 17 U.S.C. § 101 et seq. and 17 U.S.C.S. §§ 1301 *et seq*.

29.     This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a).

30.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 1400(b).

31.     This Court has personal jurisdiction over Defendant sunder New York Civil Practice Law and Rules 301 and 302(a) because, upon information and belief: (i) Defendants are domiciled and/or are registered to do business in New York and do continuous and systematic business in New York and in this District; (ii) Defendants have transacted business in New York and contracted to supply goods or services in New York in connection with matters giving rise to this suit; and/or (iii) Defendants regularly do or solicit business in New York, and/or derive substantial revenue from goods used or services rendered in New York, and/or expect or reasonably should expect their infringing conduct to have consequences in New York and derive substantial revenue from interstate commerce.

## FACTUAL ALLEGATIONS AS TO ALL CLAIMS

32.     For all relevant periods of time pertinent to the allegations within this Complaint, all parties have and continue to perform services relating to the horse footing/arena industry (i.e. work with consumers who purchase, install and maintain horse footing and related materials at the consumers' personal or commercial facilities).

33.     North Brook and IGK work in concert in promoting the other's services and offerings to consumers.

34.     Upon information and belief, North Brook and IGK are owned and operated solely by Mr. Kyle and Ms. Kyle.

35.     Upon information and belief, Mr. Kyle and Ms. Kyle make all decisions relating to marketing, advertising and promoting the business products and consumer offerings of North Brook.

36.     Upon information and belief, Mr. Kyle and Ms. Kyle make all decisions relating to marketing, advertising and promoting the business products and consumer offerings of IGK.

37.     For all relevant periods of time pertinent to the allegations within this Complaint, FootingFirst is and has been the rightful owner of the product, trademarks and patents associated with TraveLite and TravelRight.

38.     Copies of trademark certificates issued by the United States Patent and Trademark Office for both materials are annexed to this Complaint as Exhibits "A" (TraveLite) and "B" (TravelRight).

39.     TraveLite and TravelRight were first used in commerce on May 31, 2009.

40.     Trademarks for TraveLite and TravelRight are owned by FootingFirst.  <u>See</u>, Exhibits "A" and "B".

41.     Defendants have no right, authority or legal standing to use either trademark.

42.     The patent for the horse footing materials is owned by Mr. Adams and Ms. Leeming.  A copy of US Patent 8,889,777 B2 is attached hereto as Exhibit "C".

43.     Defendants have no right, authority or permission to use, in any way including but not limited to commerce, the trademarks, patents or copyrighted materials.

44.     However, and notwithstanding the above, Defendants have used, without any authority or permission, the TraveLite and TravelRight marks in conducting business by and through North Brook and IGK.

45.     In response to Defendants' willful, continued and on-going infringement, FootingFirst, by and through counsel, sent cease and desist letters demanding Defendants to

immediately stop their unauthorized conduct.  The most recent cease and desist letter was sent on April 25, 2017.

46.     In response to FootingFirst's repeated demands to stop the willful and continuous misconduct Defendants did nothing.

47.     Defendants' willful unauthorized and continued misuse of the trademarks by Defendants includes, among other things and without limitation, their website and marketing materials.

48.     IGK's website is maintained at the following URL: http://igkequstrian.com

49.     For all relevant periods of time pertinent to the allegations within this Complaint, Defendants' marketing and advertising materials describes their horse footing materials (LiteStride and TruStride) as TraveLite and TravelRight, respectively.

50.     The statements within Defendants' marketing and advertising materials are an on-going infringement on Plaintiff's trademarks, copyrights and patent.

51.     Defendants' willful, continued and on-going infringement has damaged and continues to damage the business reputation and good will of FootingFirst.

52.     Defendants' willful, continued and on-going infringement is unfair and deceptive.

53.     Defendants' willful, continued and on-going infringement is harmful to consumers.

### AS AND FOR A FIRST CLAIM FOR RELIEF

**(False Designation of Origin or Representation
and Dilution by Tarnishment Violative of the Lanham Act)**

54.     Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55.     FootingFirst is the rightful holder of the trademark rights to TraveLite and TravelRight.

56.     Accordingly, Defendants' actions have infringed and continue to infringe on FootingFirst's trademark rights.

57.     Defendants' published use of the TraveLite and TravelRight marks constitutes the unauthorized use in commerce of FootingFirst's marks and of a false designation of origin which is likely to confuse, and indeed causes confusion, mistake or deceit as to the affiliation, connection or association of Defendants' horse footing products with TraveLite and TravelRight, or as to the origin, sponsorship or approval of Defendants' horse footing products by FootingFirst – which is in direct contravention of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

58.     Defendants' unauthorized misuse of FootingFirst's trademarks have misled and will continue to mislead consumers in, among other things, falsely designating the origin of Defendants' current horse footing materials and by using false and misleading descriptions of Defendants' horse footing materials.

59.     Defendants' acts as described within this Complaint violate federal law – including 15 U.S.C. §1125(a) as they constitute false or misleading description of fact and/or false or misleading representation of fact in commercial advertising or promotion, and these acts mispresent the nature, characteristics, qualities and origin of FootingFirst's horse footing materials and Defendants' commercial activities (in promoting TraveLite and TravelRight as their own).

60.     By virtue of the conduct described within this Complaint, FootingFirst's reputation, good will and growth opportunities for FootingFirst have been irreparably harmed.

61.     Defendants misused FootingFirst's trademarks with full knowledge of FootingFirst's prior ownership and use of the trademarks. Accordingly, Defendants' actions have been, and continue to be, willfully undertaken.

62.     Moreover, TraveLite and TravelRight have acquired distinctiveness as it is sufficiently known that consumers associate both materials with a particular grade, quality and composition of horse footing.

63.     TraveLite and TravelRight are, and were at the time Defendants intentionally commenced imitating, misusing and misrepresenting these products, famous within the meaning of the Lanham Act – 15 U.S.C. §1125(c)(1).

64.     By the actions alleged in this Complaint, FootingFirst has suffered, is suffering and, unless Defendants are restrained, will continue to suffer, irreparable damage and injury for which there is no adequate remedy at law.

65.     Pursuant to 15 U.S.C. §1117, when a violation of 15 U.S.C. §1125(a) shall have been established in any civil action, the plaintiffs in such action shall, subject to the principles of equity and the applicable statutory limitations set forth therein, be entitled, *inter alia*, to recover Defendants' profits, any damages sustained by the plaintiffs, and the costs of the action, and in exceptional cases the Court may aware reasonable attorneys' fees to the prevailing party.

66.     Based on Defendant's conduct FootingFirst is also entitled, pursuant to 15 U.S.C. §1117, to the equitable remedy of an accounting, and a disgorgement of all such wrongfully derived revenues and/or profits.

67.     FootingFirst is entitled to damages for Defendants' infringement and the profits realized form its infringing conduct, both in amounts to be determined at trial, as well as attorneys' fees and costs because this case is exceptional within the meaning of 15 U.S.C. §1117(a).

## AS AND FOR A SECOND CLAIM FOR RELIEF

### (Patent Infringement)

68.     Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 67 of this Complaint as though fully set forth herein.

69.     Mr. Adams and Ms. Leeming are owners of that certain patent covering the horse footing materials known as TravelRight.

70.     Upon information and belief, Defendants have been improperly marketing, advertising and selling horse footing product purporting to be the same material as TraveLite and TravelRight (violating trademark law).

71.     However, in the event the horse footing product marketed, advertised and sold by Defendants is the same as TraveLite and TravelRight, Defendants have willfully infringed and otherwise violated the patent rights of Mr. Adams and Ms. Leeming.

72.     Defendants' creation, manufacture, sale, delivery and distribution of the horse footing material identical to TraveLite and TravelRight is prohibited under law.

73.     Mr. Adams and Ms. Leeming are, thus, entitled to damages for Defendants' patent infringement and the profits realized form its infringing conduct, both in amounts to be determined at trial, as well as attorneys' fees and costs.

**AS AND FOR A THIRD CLAIM FOR RELIEF**

**(Common Law Trademark Infringement Violative of
New York's General Business Law §360-k)**

74.     Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 73 of this Complaint as though fully set forth herein.

75.     Defendants' actions as alleged within this Complaint is like to cause and has, indeed, caused confusion or mistake among consumers as the creator and owner of TraveLite and TravelRight or as to the sponsorship, endorsement, approval or authorization by, or affiliation with, FootingFirst.

76.     Defendants' actions as alleged within this Complaint have deceived or misled, or have a tendency to deceive or mislead, the public.

77.     Defendants' actions as alleged within this Complaint have caused harm to the public.

78.     Defendants' false and misleading representations of fact and conduct have influenced the purchasing decision of the public.

79.     Defendants' actions are violative of common law trademark infringement and unfair competition of the State of New York.  Specifically, violate New York General Business Law §133 (using name with intent to deceive), §349 (deceptive acts and practices unlawful) and §350-d (civil penalties for violating common law trademark infringement). Defendants actions have injured Plaintiffs and the public.

80.     Pursuant to New York General Business Law §349(h), Plaintiffs are, thus, entitled to enjoin Defendants' unlawful conduct as well as obtain damages, costs, disbursements and attorneys' fees.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### (Common Law Injury to Business Reputation, Dilution and Unfair Competition Violative of New York's General Business Law §360-I)

81.     Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 80 of this Complaint as though fully set forth herein.

82.     Defendants' actions as alleged within this Complaint constitutes a likelihood of injury to the business reputation of FootingFirst and dilution of the distinctive quality of TraveLite and TravelRight in violation of New York General Business Law §360-I.

-------------------------------------------

**WHEREFORE**, Plaintiffs pray that this Honorable Court enters its judgment:

A.     Granting each of the claims for relief made herein;

B.     Granting Plaintiffs an award for costs of this action;

C. Granting Plaintiffs an award of its attorneys' fees as available under all applicable statutues;

D. Awarding Plaintiffs pre-judgment interest as allowed by law;

E. Declaring North Brook has infringed the trademark, patent and copyright rights of Plaintiffs;

F. Declaring IGK has infringed the trademark, patent and copyright rights of Plaintiffs;

G. Declaring Mr. Kyle has infringed the trademark, patent and copyright rights of Plaintiffs;

H. Declaring Ms. Kyle has infringed the trademark, patent and copyright rights of Plaintiffs;

I. Enjoining, both preliminarily and permanently, North Brook and its directors, officers, members, affiliates, successors, assigns, agents, servants, employees, managers and those in privity with any of them, from continued infringement by marketing, advertising, selling or manufacturing any horse footing product under the guise such products are, or purport to be, the same as TraveLite or TravelRight;

J. Enjoining, both preliminarily and permanently, IGK and its directors, officers, members, affiliates, successors, assigns, agents, servants, employees, managers and those in privity with any of them, from continued infringement by marketing, advertising, selling or manufacturing any horse footing product under the guise such products are, or purport to be, the same as TraveLite or TravelRight;

K. Enjoining, both preliminarily and permanently, Mr. Kyle and those in privity with him, from continued infringement by marketing, advertising, selling or manufacturing any horse

-12-

footing product under the guise such products are, or purport to be, the same as TraveLite or TravelRight;

    L.    Enjoining, both preliminarily and permanently, Ms. Kyle and those in privity with her, from continued infringement by marketing, advertising, selling or manufacturing any horse footing product under the guise such products are, or purport to be, the same as TraveLite or TravelRight; and

    M.    Granting such other, further relief that this Honorable Court deems fair, reasonable and equitable.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: August 8, 2017
       Huntington, New York

THE PUSEY LAW GROUP PLLC

By: _____
    Noah L. Pusey (NP3942)
    Attorneys for Plaintiffs
    7 High Street – Suite 300
    Huntington, New York 11743
    Tel.: 631-424-6624
    Email: nlp@puseylaw.com

## COMPANY VERIFICATION

The undersigned member of Plaintiff FootingFirst LLC has read the foregoing Verified Complaint and hereby certifies that the facts stated therein are true and accurate.

FootingFirst LLC

By:   Karen Leeming
Title: Member

State of New York       )
                           )     ss:
County of Suffolk      )

On August 16 2017 before me personally came Karen Leeming, to me known, who, being by me duly sworn, did depose and say that she resides in Halesite, New York; that she is a member of FootingFirst LLC, the limited liability company described herein and which executed the above instrument; and that she signed her name thereto in his capacity as a member of FootingFirst LLC.

Signature and Office of Individual
Taking acknowledgment

Shauna Erin Waldron
Notary Public, State of New York
No. 01WA6358658
Qualified in Suffolk County
Commission Expires May 15, 20 21

-14-

## INDIVIDUAL VERIFICATION

Karen Leeming, being duly sworn, deposes and says: I am one of the plaintiffs named in the within action and I have read the annexed Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, except those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Karen Leeming

State of New York          )
                           )          ss:
County of SUFFOLK          )

On August 10 2017 before me personally came Karen Leeming, to me known and known to me to be the person described in and who executed the foregoing instrument and he/she acknowledged to me that he/she executed the same.

Signature and Office of Individual
Taking acknowledgment

Shauna Erin Waldron
Notary Public, State of New York
No. 01WA6358658
Qualified in Suffolk County
Commission Expires May 15, 2021

-15-

## INDIVIDUAL VERIFICATION

Lawton Adams, being duly sworn, deposes and says: I am one of the plaintiffs named in the within action and I have read the annexed Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, except those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____

Lawton Adams

State of New York          )
                           )          ss:
County of Westchester      )

On August 29, 2017 before me personally came Lawton Adams, to me known and known to me to be the person described in and who executed the foregoing instrument and he/she acknowledged to me that he/she executed the same.

_____
Signature and Office of Individual
Taking acknowledgment

PATRICIA DONNELLY SCHUPP
Notary Public, State of New York
No. 01DO5070302
Qualified in Westchester County
Commission Expires December 09, 2018

INDEX NO.:_____          Year: 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOOTINGFIRST LLC, LAWTON ADAMS and KAREN
LEEMING,

                Plaintiffs,

    -against-

NORTH BROOK FARMS LLC, IGK EQUESTRIAN LLC,
PETER KYLE, CAROLYN KYLE and JOHN DOE 1-10,

              Defendants.

## VERIFIED COMPLAINT

The Pusey Law Group PLLC
Attorneys for Plaintiff
7 High Street – Suite 300
Huntington, New York 11743
(631) 424-6624

Service of a copy of the within is hereby admitted.
    Dated this ___ day of _____, 2017

    By:_____
    Attorney(s) for: